IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br><br>      vs.<br><br><br>JORGE OBESO-MERCADO,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR INSUFFICIENCY OF EVIDENCE<br><br><br><br><br>Case No. 2:06-CR-852 TS |

      This matter is before the Court on Defendant Jorge Obeso-Mercado's Motion to Dismiss for Insufficiency of Evidence.[1]  Defendant asks this Court to dismiss Counts I and XI of the Indictment against him on the grounds that the Government does not have sufficient evidence to prove certain elements underlying the charged offenses.

      The Court will deny Defendant's Motion.  "On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation

---

[1]Docket No. 130.

1

of the charged offense."[2]  A narrow exception does exist where undisputed evidence shows that, *as a matter of law*, a Defendant could not have committed the offense for which he was indicted.[3] As is apparent from the briefs of the parties, this exception does not apply here.  Importantly, "[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits."[4]

Upon reviewing the Indictment, the Court notes that the Government has made allegations which, if true, support the charges therein.  Defendants' arguments are without merit, and this Court lacks authority to look beyond the four corners of the Indictment in this context or to otherwise usurp the role of the jury as fact finder over the Government's objection.

DATED this 17th day of August, 2007.

BY THE COURT:

TED STEWART
United States District Court Judge

---

[2]*United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006); *see also United States v. King*, 581 F.2d 800, 802 (10th Cir. 1978) (stating that an indictment "may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence").

[3]*Todd*, 446 F.3d at 1068.

[4]*Costello v. United States*, 350 U.S. 359, 363 (1956).